**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

MERLOLA  INDUSTRIES, LLC, a  Florida
limited liability company,

        Case No.:_____

       Plaintiff,

v.

LORD ANGEL M. HIGUERTAS, a foreign
national,

       Defendant.

_____/

## <u>COMPLAINT</u>

Plaintiff, Merlola Industries, LLC ("Plaintiff"), hereby sues Defendant, Lord Angel M. Higuertas ("Defendant"), for: (i) fraud, (ii) conversion, (iii) civil theft pursuant to Fla. Stat. § 772.11, and (vi) breach of contract, and in support thereof states as follows:

**I.**      <u>**JURISDICTION, VENUE, AND PARTIES**</u>

1.      This lawsuit has been precipitated by the wrongful actions of Defendant which caused Plaintiff to suffer $2,300,000.00 in damages. Plaintiff hereby seeks monetary damages to address the tortious actions of Defendant.

2.      This case involves an amount in controversy in excess of $75,000.00, exclusive of interest and costs, and is between a citizen of a State and a citizen of a foreign state, and therefore within the subject matter jurisdiction of the Court pursuant to 28 U.S.C. § 1332(a)(2).

3.      Plaintiff is limited liability company formed and operating under the laws of the State of Florida with its principal office in 950 NW 53rd Street, Suite 341, Miami, Florida, 33166, and is otherwise a citizen of the State of Florida for diversity purposes under 28 U.S.C. 1332(c).

4.      Defendant is an individual, sui juris, and, upon information and belief, is currently residing in Spain and holding himself out as an attorney licensed to practice law in the United Kingdom and is an Spanish national for purposes of diversity under 28 U.S.C. 1332(a)(2). For purposes of 28 U.S.C. 1332(a)(2), Defendant is not a permanent resident of the United States nor is he domiciled in any State.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Plaintiff is a resident of the district located in Miami-Dade Country, Florida, Defendant offered his services as an escrow agent to Florida residents, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

6.      Venue is also proper as section six (6) of Plaintiff and Defendant's contractual agreement ("Escrow Agreement"), which precipitated this litigation, states that venue is proper in Miami-Dade County, Florida. A copy of the Escrow Agreement is attached hereto as Exhibit 1.

**7.**      All conditions precedent to the bringing of this lawsuit have occurred, been excused, or have otherwise been waived.

## II.      <u>FACTUAL ALLEGATIONS</u>

8.      On February 12, 2021, Plaintiff and Defendant entered into the Escrow Agreement. *See* Exhibit 1.

9.      Per the Escrow Agreement, Defendant was Plaintiff's escrow agent. *See* Exhibit 1.

10.      In accordance with the Escrow Agreement, Plaintiff placed a deposit of $2,300,000.00 in escrow with Defendant. *See* Exhibit 1. Said deposit was to be held in trust in order to demonstrate that Plaintiff was a bona fide purchaser for the purposes of entering into certain international business transactions.

11.     Per the terms of the Escrow Agreement, the $2,300,000.00 deposit was to be held in escrow for fourteen (14) days. *See* Exhibit 1.

12.     As such, per the terms of the Escrow Agreement, the Escrow Agreement was terminated on or about February 26, 2021 and Defendant had one (1) business day to return the $2,300,000.00 deposit to Plaintiff. *See* Exhibit 1.

13.     Defendant failed to return the $2,300,000.00 deposit to Plaintiff in accordance with the Escrow Agreement.

14.     Defendant has represented to Plaintiff that he has no intention of returning the $2,300,000.00 deposit.

15.     On October 12, 2023, demand was made on Defendant for return of the $2,300,000.00 deposit. A copy of the October 12, 2023, Demand is attached hereto as Exhibit 2.

16.     Defendant has made no effort to respond to the October 12, 2023, civil theft demand.

17.     To date, Plaintiff's $2,300,000.00 deposit into Defendant's account has not been returned to Plaintiff.

18.     Pursuant to the Escrow Agreement, Plaintiff is entitled to recover its reasonable attorneys' fees and costs. *See* Exhibit 1.

19.     Plaintiff has engaged undersigned counsel to represent it in this action and is obligated to pay for such services.

## III.     <u>CAUSES OF ACTION</u>

### <u>COUNT I – FRAUDULENT INDUCEMENT</u>

20.     Plaintiff realleges the allegations of Paragraphs 1 through 19 as if specifically set forth herein.

21.     Defendant told Plaintiff that he would return the $2,300,000.00 deposit upon termination of the Escrow Agreement.

22.     Plaintiff relied upon this false statement and entered into the Escrow Agreement and performed in accordance therewith. *See* Exhibit 1.

23.     Defendant never intended to return Plaintiff's deposit.

24.     Defendant made the aforementioned representation with the intention of inducing Plaintiff to act and enter into the Escrow Agreement and make the $2,300,000.00 deposit into Defendant's account.

25.     Plaintiff relied on Defendant's fraudulent statements and entered into the Escrow Agreement and deposited $2,300,000.00 into Defendant's account.

26.     To date, Defendant has not returned Plaintiff's $2,300,000.00.

27.     As a result of Defendant's fraudulent actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff requests that a judgment be entered against Defendant for: (i) actual and consequential damages; (ii) prejudgment and post-judgment statutory interest; (iii) its reasonable attorneys' fees, and (iv) such other and further relief this Honorable Court deems just and appropriate.

## <u>COUNT II – CONVERSION</u>

28.     Plaintiff realleges the allegations of Paragraphs 1 through 19 as if specifically set forth herein.

29.     This is an action for conversion.

30.     Per the terms of the fraudulent Escrow Agreement, Plaintiff deposited $2,300,000.00 into Defendant's account.

31.     In accordance with the Escrow Agreement, Defendant was required to return Plaintiff's $2,300,000.00 deposit to Plaintiff on or before February 26, 2021.

32.     Defendant has refused to return the $2,300,000.00 deposit to Plaintiff. Such retention is an unauthorized act that deprives Plaintiff of possession of the $2,300,000.00 deposit.

33.     The $2,300,000.00 deposit is specific and identifiable because, upon information and belief, the monies were held in a specified account and not commingled with any other monies.

34.     Plaintiff is the owner of the $2,300,000.00 deposit and has an immediate right to possess the $2,300,000.00 deposit.

35.     Plaintiff has demanded the return of the $2,300,000.00 deposit that went unanswered.

36.     As such, Defendant continues to appropriate and exercise dominion and control over Plaintiff's $2,300,000.00 deposit and deprive Plaintiff of its $2,300,000.00 deposit.

37.     As a direct result of Defendant's actions, Plaintiff has suffered the loss of its $2,300,000.00 deposit in Defendant's escrow account.

WHEREFORE, Plaintiff requests that a judgment be entered against Defendant for: (i) actual and consequential damages; (ii) prejudgment and post-judgment statutory interest; (iii) its reasonable attorneys' fees, and (iv) such other and further relief this Honorable Court deems just and appropriate.

### COUNT III – CIVIL THEFT PURSUANT TO FLA. STAT. § 772.11

38.     Plaintiff realleges the allegations of Paragraphs 1 through 19 as if specifically set forth herein.

39.     This is an action for civil theft pursuant to the Civil Remedies for Criminal Practices Act, Chapter 772, Florida Statutes, and specifically pursuant to Fla. Stat. § 772.11.

40.     Defendant acting with apparent authority, violated Fla. Stat. § 772.103 by misappropriating and converting the specifically identifiable $2,300,000.00 deposit in his account for his own use.

41.     Defendant knowingly misappropriated the $2,300,000.00 deposit in his account for his use with the felonious intent to, temporarily or permanently, deprive Plaintiff of the $2,300,000.00 deposit in violation of Fla. Stat § 812.014(1).

42.     The theft was committed by Defendant.

43.     As a result of Defendant's violation of Fla. Stat. § 812.014(1), Plaintiff has lost possession and use of the $2,300,000.00 deposit, and as such, has been injured.

44.     Plaintiff made a written demand for three times the amount of money stolen by Defendant, but he has not replied to the demand nor has he paid the trebled amount demanded therein. *See* Exhibit 2.

WHEREFORE, Plaintiff requests that a judgment be entered against Defendant for: (i) threefold the actual damages; (ii) prejudgment and post-judgment statutory interest; (iii) attorney's fees and costs pursuant to Fla. Stat. § 772.11; and (iv) such other and further relief this Honorable Court deems just and appropriate.

Respectfully submitted this 13th day of November, 2023.

**Ward Damon, PL**
Attorneys for Plaintiff
4420 Beacon Circle
West Palm Beach, Florida 33407
Telephone: 561-842-3000

By: */s/ Mahra Sarofsky*
Mahra Sarofsky, Esq.
Florida Bar No.: 033637
Msarofsky@warddamon.com
Ccameron@warddamon.com
Litservice@warddamon.com